Susan **DAGSLAND**, Plaintiff–Appellant,

v.

**Larry G. MASSANARI, Acting Commissioner of the Social Security Administration * Defendant–Appellee.**

No. 99–35972.
D.C. No. CV–98–01304–HA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2001.

Decided May 15, 2001.

---

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* Larry G. Massanari, is substituted for his predecessor, as Acting Commissioner of the So-

cial Security Administration. Fed. R.App. P. 43(c)(2).

Before GOODWIN, GREENBERG,** and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

Petitioner, Susan Dagsland, is disabled. Nonetheless, she was denied disability benefits because the ALJ found drug use was a material factor in causing her disability. For the proceeding reasons, we AFFIRM.

Although there was testimony to the contrary, the ALJ did not commit error by accepting Dr. Nance's conclusion that Petitioner would not meet the 12.04 (affective disorders) listing following one month of abatement. *See Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.1995) (reconciling conflicts in medical testimony is within the province of the ALJ.) We similarly find no error in the ALJ's proposed hypothetical. When propounding a hypothetical, the ALJ must ensure it is "accurate, detailed, and supported by the medical record." *See Osenbrock v. Apfel,* 240 F.3d 1157, 1165 (9th Cir.2001) (quoting *Tackett v. Apfel,* 180 F.3d 1094, 1101 (9th Cir.1999)). Petitioner's limitation of frequent failure to complete tasks in a timely manner due to deficiencies of concentra-

** The Honorable Morton I. Greenberg, Senior Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tion, persistence, or pace were properly excluded from the hypothetical because it was based on the limitations that would remain if Petitioner was drug free for one month.

Finally, the ALJ did not commit error while making his credibility determinations. The ALJ stated that it relied on Petitioner's "description of her own activities and life style, the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documentary reports, and the reports of the treating and examining practitioners ." The ALJ noted that Petitioner's description of her daily household activities (cooking, cleaning and shopping), as well as her weekly visits to the Senior Center undermine her credibility. The ALJ additionally noted that Petitioner had been less than candid regarding her drug use in the years prior to the hearing. The ALJ rejected the testimony of Petitioner's mother because there were discrepancies between her testimony at the hearing and her statements to counselors at Mount Hood Medical Center. By pointing to specific evidence in the record to support his credibility determinations, the ALJ has met his burden in regards to rejecting the testimony of these witnesses. *See Morgan v. Commissioner of Social Sec. Admin.,* 169 F.3d 595, 599 (9th Cir.1999) (holding that credibility determinations are solely left to the Secretary).

A treating physician's opinion may be rejected by the ALJ when it conflicts with the physician's treatment notes. *See Holohan v. Massanari,* 246 F.3d 1195, 2001 WL 378344 at *6 (9th Cir.2001). Here, the ALJ rejected Dr. Wopat's opinion that Petitioner was disabled, as expressed in the February 27, 1995 letter to the Disability Determination Services, because it conflicted with his earlier treatment records indicating that Petitioner suffered from acute psychosis due to meth-

amphetamine abuse. The ALJ pointed out that Dr. Wopat's treatment notes of Petitioner's visits on June 12, 1988 and May 21, 1990, supported the ALJ's decision to reject Dr. Wopat's opinion.

The ALJ also gave consideration to the opinions of Jan Sweeton, M .S. and Debbie Young, P.M.H.N.P. and simply found that the opinions of Dr. Nance and Dr. Leung were more persuasive, because Sweeton's and Young's evaluations were based on a non-drug abuse diagnosis "when it was clear drug abuse was a prominent feature on [sic] her counseling."

### CONCLUSION

Drug use was a material factor causing Petitioner's disability, the ALJ's hypothetical was proper, and the ALJ did not commit error in making his credibility determinations.

AFFIRMED.